The opinion of the Court was drawn up by
Appleton, C. J.
This is an action of assumpsit against the defendant upon his acceptance of an order of the following tenor. "Pembroke, Feb. 25, 1856.
" Mr. Andrew Sprague —Please pay to Bela Wilder & Co., or order, thirty-one dollars, when you sell the wharf logs I have hauled for you this winter.
" Josiah E. Wilbur.
"Accepted. — Andrew Sprague.”
This action was commenced Sept. 20, 1859. More than three years had elapsed between the date of the defendant’s acceptance and the bringing of this suit. Had the case rested here, the plaintiff would have been entitled to recover. The remarks of Mr. Justice Coleridge, in Doe v. Ulph, 66 E. C. L., 208, where the Court, thinking the delay unreasonable, ordered judgment for the plaintiff, would not have been inapplicable. " Prima facie that was an unreasonable delay; and it lay upon the defendant to account for it. He did not do it; and there being no evidence to show that the delay was reasonable, the jury should have been directed to find for the plaintiff; and the verdict must be entered for him accordingly.”
The defendant was permitted to show that the logs had not been sold, and that, notwithstanding he had used all common and ordinary means to sell them, he had been unable to effect a sale. To the introduction of this proof exceptions were taken.
The promise was to pay when the logs should be sold. *356 The defendant cannot he permitted to escape liability by refusing to sell, or by the neglect of the common or ordinary means to effect a sale. This, too, should be done in a reasonable time. But the Court’cannot know the limit of time within.which, by the exercise of common and ordinary care, a quantity of wharf logs could be sold. The circumstances of each year may vary. What is a reasonable time must depend upon the fluctuating contingencies of commerce. The market may vary. The demand, for the time being, may cease. Inability to sell, accompanied with reasonable efforts to effect a sale, py the very terms of the acceptance, cannot and do not make the defendant liable. The failure to sell, to charge him, must have been through his default. The defendant did not agree to pay, if, using all reasonable means, he could not effect a sale, nor could the plaintiff" have expected he should.
The Court cannot define the precise termination of what would be a reasonable time in which to have sold. What is a reasonable time is a variable quantity. Upon the facts before the jury, the instructions given were correct. At any rate they are not the subject of exception.
The case of Sears v. Wright, 24 Maine, 278, varies in very material respects from the one now before us. There the logs had been manufactured into boards and the boards had been sold before the suit was commenced. Parol evidence was offered to vary the meaning of the written contract entered into by the defendant and was excluded. The exclusion was adjudged proper. As the defendant, in that case, had long before manufactured the logs into boards, it was impossible to show the logs could not have been sold, if they had not been manufactured. The similarity between the cases is apparent rather than real.

Exceptions and motion overruled.

Rice, Cutting, Kent and Walton, JJ., concurred.